CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 14 2011
JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| THOMAS L. SWITZER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:11-cv-00002 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DONNA BOSSERMAN, et al., | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This matter is currently before the court on a petition by Thomas Switzer ("Switzer") to remove a "child support proceeding" from the Staunton Juvenile and Domestic Relations District Court on the basis of several federal law counterclaims. Because Switzer has not satisfied the requirements of 28 U.S.C. §§ 1441 and 1446, the court denies Switzer's petition.

A federal district court may only exercise removal jurisdiction over a case which would have fallen under the court's original jurisdiction. 28 U.S.C. § 1441. Under the well-pleaded complaint rule, courts look only to the plaintiff's own complaint to determine whether federal jurisdiction would exist; federal jurisdiction cannot "rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009). Since any federal issues in this case arise out of Switzer's counterclaims, this court lacks original jurisdiction over it.

Additionally, § 1446(b) requires that any notice of removal be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b). Although Switzer does not identify the date on which he was served with a copy of the initial pleading in this child custody case, he notes that a hearing was held in the matter on November 12, 2010. Switzer filed this petition for removal on January 13, 2011. Even assuming the November 12th

hearing was Switzer's first notice of the state court action, he failed to comply with the thirty-day requirement of § 1446(b).

To the extent that Switzer intended his filing to constitute a complaint in a separate action for relief, he is barred from bringing such a claim by the Rooker-Feldman Doctrine. Under this Doctrine, a court may not entertain a complaint where "the losing party in state court [files] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n. 3 (2002) ("The Rooker-Feldman doctrine . . . recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments.") Here, Switzer admits a judgment has been rendered in his child custody case by the state court. Switzer's claim that his federal due process rights were violated by the state court rendering that judgment amounts to nothing more than a challenge to the validity of the state court's judgment. See Johnson v. De Grandy, 512 U.S. 997, 1005–6 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Accordingly, the court lacks jurisdiction to hear Switzer's claims, even if they are re-styled as a complaint in a new case.

For these reasons, the court denies Switzer's petition for removal and remands the case to the Staunton Juvenile and Domestic Relations District Court.

**ENTER:** January 14, 2011.

UNITED STATES DISTRICT JUDGE